EDITH COOPER, AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF FLOYD COOPER, DECEASED, AND AS ADMINISTRATRIX OF THE ESTATE OF FLOYD COOPER, DECEASED, PLAINTIFF, v. THE ESTATE OF JOHN DeMAIO AND ANNUNZIATA DeMAIO, ADMINISTRATRIX OF THE ESTATE OF JOHN DeMAIO, DECEASED, DEFENDANT.

Decided May 11, 1932.

For the rule, *David Cohn.*

*Contra, Ward & McGinnis.*

LAWRENCE, C. C. J. This suit arose out of a collision between an automobile owned and driven by John DeMaio and another owned and operated by John Stone, at the intersection of Two Bridges road and state highway No. 6, near Belvidere, in Warren county. Floyd Cooper was a passenger in the DeMaio car. Both he and DeMaio received injuries of which they later died. Cooper lived for some period of

time, and the action was therefore brought not only under the Death act but under the statute giving an executor or administrator the right to institute suit for compensation, in behalf of the estate, for the pain and suffering attending an injury between the time of the accident which occasioned it and the death of the person so injured. The gravamen of the charge in the complaint was that the injury and subsequent death of Cooper was due to the negligent manner in which DeMaio drove his car at the time.

At the trial, the witnesses produced were Mr. and Mrs. Stone, a young girl who was in the DeMaio car and a police officer who investigated the accident. His testimony, while describing the broken condition of the DeMaio car, tended to corroborate the statement of Mr. and Mrs. Stone that the impact with their car had been at the right rear, indicating that it had been well over the highway when the collision occurred. The evidence of the girl was without any real probative value. This left the narrative of Mr. and Mrs. Stone as to how the accident happened practically uncontradicted, and, if believed, led to the fair inference of fact that it was either the sole or concurring negligence of DeMaio that caused it. Notwithstanding, the jury returned a verdict of no cause. Since there was nothing in the case to discredit the testimony of Mr. and Mrs. Stone at least as to the concurring negligence of DeMaio, it is apparent that the verdict was contrary to the weight of the evidence in this respect. To have found that DeMaio was entirely free from fault, indicated some degree of partiality on the part of the jury. The rule to show cause will be made absolute and a new trial granted.